*Kane v. Pallito*, No. 376-6-13 Wncv (Teachout, J., March 24, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket # 376-6-13 Wncv** |

**RIKKI JOHN KANE,**
      **Petitioner**

      **v.**

**ANDREW PALLITO, Commissioner, DOC**
      **Respondent**

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

This matter came before the Court for final hearing on the merits on February 19, 2015. Petitioner represented himself. Respondent was represented by Attorney N. Joseph Wonderly.

Petitioner is an inmate in the custody of the Commissioner of the Department of Corrections who seeks dental care for the consequences of periodontal disease in this Rule 75 Review of Governmental Action case.

### Findings of Fact

Mr. Kane spent time incarcerated in St. Albans, Vermont, before transfer to the Lee Adjustment Center in Kentucky, where he spent many years. He had a chronic problem of tooth infections and abscesses at both facilities. Apparently a few teeth were extracted over the years. In St. Albans, he was provided with a sealant and resin to use. He asked for it in Kentucky but it was not provided. In January of 2013, he asked to see a specialist for his dental problems, but the request was denied. He began the grievance process that eventually led to this lawsuit.

On April 2, 2013, he was seen by a dentist at the Lee Adjustment Center. His gingiva was "highly inflamed" and the dental record indicates some extractions were needed. Two options were identified for a treatment plan, both involving extractions. It is difficult to interpret the notations on the dental record. Mr. Kane testified that he was offered palliative care and full-time antibiotics as a solution, which he declined, and he pursued his grievance. The record shows that he was offered Peridex, a mouth rinse, and he testified that he was allowed to "self-carry" it in Kentucky for regular use. He was approved for cleaning on a 3-6 month schedule. He pursued the grievance leading to this case.

On May 7, 2014, he was seen by Dr. Johnson, a specialist at the University of Kentucky, for a complete oral examination. The diagnosis was severe chronic generalized periodontitis. Some teeth were hopeless due to bone loss and mobility, and there were some severe periodontal pockets. Dr. Johnson recommended removing the hopeless teeth and deep cleaning. He also discussed with Mr. Kane possible options for what could be done about missing teeth thereafter, including implants that would keep remaining teeth appropriately spaced and not overused.

This was the first time that Mr. Kane had been told he had periodontal disease. He wished to follow through with all of the options to address the condition. He has had a history of pain, headaches, sinus discharges, and bloody mouth discharges over the years, and he attributed these effects to the periodontal disease diagnosed by Dr. Johnson.

On May 28, 2014, Dr. Johnson extracted the hopeless teeth and did the deep cleaning. Mr. Kane wishes to follow through with implants.

In July of 2014, he was transferred back to Vermont. He asked for the Peridex mouth rinse that he used in Kentucky, but the request has been denied as it contains alcohol and is not allowed for inmates under DOC policy. There are other mouth rinses that could be used that do not contain alcohol.

Since returning to Vermont he has had one tooth infection. He was prescribed antibiotics and the infection cleared. He has requested implants for the missing teeth. He says he has been told that dentures will not be an option for him due to the extent of bone loss.

Since returning to Vermont, he is on a regular cleaning schedule, and not the 3-6 month cleaning schedule he was on in Kentucky before the treatment he received in May of 2014. He seeks review of DOC denial of his request for implants, Peridex mouth rinse, and frequent monitoring. He also testified that he seeks medication for pain, but this was a new request made for the first time at trial and has not been part of the case previously. He is on the list for consultation with a medical doctor related to sinus problems.

At some point Dr. Johnson, the dentist who treated him in Kentucky, wrote to Mr. Kane explaining that the treatment he received there "will put your dentition on the beginning path toward oral health. Periodontal treatment is not a one time treatment it is an ongoing process, with daily oral care (brushing, flossing, eating healthy), future follow up will need to be done for replacement of missing teeth and monitoring of the periodontal disease."

Dr. Gerard Stratthaus is a Department of Corrections dentist who has reviewed Mr. Kane's dental records, both from Dr. Johnson and from the dental visits Mr. Kane has had since he returned to Vermont. Dr. Stratthaus testified credibly, and the court finds, that Dr. Johnson already gave Mr. Kane the treatment that was medically necessary for his periodontal condition: he did the extractions and other cleaning to clear up the

2

problems caused by the hopeless teeth and the bacteria that were present at the time. Replacement of missing teeth with implants is a possible follow-up, but it is not medically necessary, as it is not needed to treat a diseased condition. Rather, it is an elective way of addressing the fact of missing teeth. It is not medically necessary to protect the use of remaining teeth.

Dr. Stratthaus testified, and the court finds, that Mr. Kane's long-term periodontal disease is currently in remission as there are no current problems with his oral health. Peridex is not directly related to bone loss or periodontal disease. Peridex is not indicated for him at this time as its purpose is to treat gingivitis, which Mr. Kane does not now have (although he did have it in Kentucky prior to the treatment from Dr. Johnson, which is when he was receiving it).

Mr. Kane no longer needs to be on the frequent monitoring schedule that he was on in Kentucky *before* the treatment he received from Dr. Johnson, because of the fact that his oral health is presently in satisfactory condition. This is consistent with the letter from Dr. Johnson, which notes that once the acute problems have been resolved, long-term maintenance of oral health is the process for treating periodontal disease. Mr. Kane is apparently properly maintaining good oral health to keep the progress of periodontal disease in remission.

Mr. Kane was understandably frustrated by the length of time it took for him to receive dental care sufficient to stop the progress of periodontal disease, but he did receive appropriate treatment in May of 2014, and since then he has apparently maintained good oral health and the disease is in remission. No other dental care treatment measures are warranted at this time. Headaches and sinus problems are outside the scope of the dental care that is the subject of this case.

## Conclusions of Law

Based on the facts, the court concludes that at this time the dental care that Mr. Kane is receiving is appropriate. There are no grounds for requiring the Department of Corrections to take any action other than it is currently doing with respect to Mr. Kane's dental care.

## Order

For the foregoing reasons, the Petition for Review of Governmental Action is *dismissed.*

Dated this _____ day of March, 2015.

_____
Mary Miles Teachout
Superior Court Judge

3